UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE SCROGGIN,

    Plaintiff,

    v.                                      CAUSE NO. 3:20-CV-663-RLM

DANIEL DIAZ, et al.,

    Defendants.

OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, proceeds in this case on four claims. First, he is proceeding "against defendant Daniel Diaz and Q. Livers in their individual capacities for compensatory and punitive damages for using excessive force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment[.]" ECF 13. at 5. Second, he is proceeding "against defendant Armstrong in his individual capacity for compensatory and punitive damages for failure to intervene in the use of excessive force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against defendants Daniel Diaz, Q. Livers, Armstrong, and Angenea Williams in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs when they denied him access to medical care following the use of force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment[.]" *Id.* Fourth, he is proceeding "against defendant James Henrich in his individual capacity for compensatory and punitive

damages for deliberate indifference to his serious medical needs when he denied Mr. Scroggin access to medical care while in the observation cell on February 5, 2020, in violation of the Eighth Amendment[.]" *Id.* at 5-6.

The defendants filed a motion for summary judgment on Mr. Scroggin's third and fourth claims alleging deliberate indifference to his serious medical needs. ECF 41. They haven't moved for summary judgment on the excessive force and failure to intervene claims. With the motion, the defendants provided Mr. Scroggin the notice required by N.D. Ind. L.R. 56-1(f). ECF 43. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."[1] This deadline passed more than six months ago, but Mr. Scroggin hasn't responded, so the court accepts defendants' well-supported facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"). The summary judgment motion is ready to be decided.

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because the defendants' summary judgment motion was filed before that date, the prior version of Local Rule 56-1 applies.

I. FACTS

On February 5, 2020, Mr. Scroggin was ordered to go to the C-dormitory. Mr. Scroggin didn't want to go to that dormitory because he didn't feel safe there. Despite the order to stay on the dormitory, Mr. Scroggin tried to leave the dormitory. Sgt. Livers and Sgt. Diaz wrestled Mr. Scroggin to the ground and punched him in the ribs. This alleged force occurred between 12:00 and 12:30 p.m. on February 5. As a result of Sgt. Livers and Sgt. Diaz's use of force, Mr. Scroggin had bruises on his ribs and believed one of his ribs was broken. Immediately after the use of force, Mr. Scroggin told Sgt. Livers, Sgt. Diaz, Cpt. Armstrong, and Officer Williams that he had pain in his ribs and needed to see a nurse.

Mr. Scroggin returned to C-Dorm but tried to leave again 20 minutes later when the doors were opened at medication time. He was taken to a holding cell in the squad room. He wasn't immediately sent to the medical unit or provided any medical treatment despite making numerous requests. Around 3:00 p.m., Mr. Scroggin staged his suicide in the squad room to receive medical attention. A sergeant noticed that Mr. Scroggin had apparently hung himself and called an emergency signal, which notified any available medical staff to respond. Mr. Scroggin saw a nurse "instantly" after faking his suicide. When the nurse arrived, Mr. Scroggin discussed his claim that guards had punched him in the ribs. The nurse examined Mr. Scroggin's ribs but didn't provide any treatment or take any action related to his ribs. The nurse put Mr. Scroggin on suicide watch and referred him to the mental health department. Mr. Scroggin claims he should have received medical attention for his ribs during and

after the nurse's visit, but he admits these defendants are not responsible for the medical unit's decision not to provide any treatment. X-rays taken some seven months later showed a healed rib fracture.

## II. ANALYSIS

The defendants argue summary judgment is warranted in their favor because Mr. Scroggin received prompt medical attention within three hours of the alleged use of force and there is no evidence that the three-hour delay had any detrimental effect on his condition.

To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994.) When a plaintiff received medical care but the defendants are charged with causing a delay in receiving that care, the plaintiff must also produce "verifying medical evidence" that the delay had a detrimental effect. Langston v. Peters, 100 F.3d 1235, 1240-41 (7th Cir. 1996) (agreeing with the Eighth Circuit that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed"). Thus, an "action will not lie unless the plaintiff introduces verifying medical evidence that shows his condition worsened because of the delay." Knight v. Wiseman, 590 F.3d 458, 466 (7th Cir. 2009); *see also* Williams v. Liefer, 491 F.3d 710, 714-15 (7th Cir. 2007) (stating that plaintiff must "offer 'verifying medical

4

evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm").

Mr. Scroggin hasn't provided any verifying medical evidence that the three-hour delay in receiving medical attention caused the condition of his ribs to worsen or had any detrimental effect. *See* Langston v. Peters, 100 F.3d at 1240-1241; Knight v. Wiseman, 590 F.3d at 466. It's undisputed that a non-party nurse examined Mr. Scroggin about three hours after the defendants' use of force, and the nurse didn't provide him any treatment for his ribs. Because the nurse didn't deem any treatment necessary, no reasonable jury could find that Mr. Scroggin's condition worsened in the three hours between the injury and the nurse's examination, and he otherwise provides no evidence of a detrimental effect from the delay. Because there is no medical evidence that the three-hour delay had a detrimental effect on Mr. Scroggin, no reasonable jury could find the defendants' conduct amounted to a constitutional violation. *See* Williams v. Liefer, 491 F.3d at 714-15; *see also* Langston v. Peters, 100 F.3d at 1240 ("We have held in the past that a two-hour delay is not an unreasonably long wait for an x-ray, an examination, and possibly a set of a fracture," as "the public often waits longer at hospital emergency rooms"); Knight v. Wiseman, 590 F.3d at 466 (a two-and-a-half-hour delay for a non-life-threatening shoulder injury was minimal and had no adverse consequences). The defendants are entitled to summary judgment on Mr. Scroggin's deliberate-indifference claims.

For these reasons, the court:

(1) GRANTS the defendants' motion for partial summary judgment (ECF 41);

(2) DISMISSES Brandon Lee Scroggin's claims:

    a. against defendants Daniel Diaz, Q. Livers, Armstrong, and Angenea Williams in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs when they denied him access to medical care following the use of force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment; and

    b. against defendant James Henrich in his individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs when he denied Mr. Scroggin access to medical care while in the observation cell on February 5, 2020, in violation of the Eighth Amendment; and

(3) REMINDS the parties Brandon Lee Scroggin is proceeding in this case only on his remaining claims:

    a. against defendant Daniel Diaz and Q. Livers in their individual capacities for compensatory and punitive damages for using excessive force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment; and

    b. against defendant Armstrong in his individual capacity for compensatory and punitive damages for failure to intervene in the use of excessive force in the stairwell outside C-1 Dorm on February 5, 2020, in violation of the Eighth Amendment.

SO ORDERED on August 24, 2022

                                              /s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT